IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:12cr169-MHT |
| JAMES TIMOTHY TURNER | ) | (WO) |

OPINION AND ORDER

This criminal case is now before the court on defendant James Timothy Turner's motions to dismiss indictment. In these two identical motions, Turner contends that the government violated his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161-74. For the reasons that follow, these motions will be denied.

On September 12, 2012, the government filed a 10-count indictment against Turner, and, on September 18, Turner made his initial appearance in court. At Turner's arraignment and detention hearing, the government informed Turner and the court that it planned to disclose approximately several hundred thousand pages of discovery

and several weeks' worth of video and audio footage. Later in the same hearing, the court appointed Everett Urech as counsel for Turner, and Urech immediately moved the court to delay the trial for at least 90 days, explaining that it would be impossible to prepare for trial otherwise, given the amount of documentation in this case.* The court then asked Turner if he understood his right to a speedy trial. Turner acknowledged that he did and agreed that he wished to waive this right in order to have the opportunity to prepare for trial and thoroughly review the evidence against him. Consequently, the magistrate judge set the trial for March 18, 2013.

---

* At the hearing, Turner withdrew his request to represent himself and asked the court to appoint Urech as his attorney; the court did so. Subsequently, however, Turner filed a request to dismiss Urech (Doc. No. 36). After a hearing, this request was denied. Several weeks later, Turner again moved the court to dismiss Urech as his attorney (Doc. No. 50). The court ordered that Turner be permitted to proceed pro se, but that Urech would remain as standby counsel (Doc. No. 56).

The Speedy Trial Act requires that a trial "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." § 3161(c)(1).

However, the Speedy Trial Act excludes certain periods of time from the 70-day time limit. Among the excludable periods is any delay "resulting from a continuance granted by any judge ... if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

In this case, Turner moved through his counsel for a delay so that he could adequately prepare for trial. The magistrate judge's order then documented his findings that, "Based on the nature of this case, the parties' need for adequate time for discovery and the need for

counsel to have adequate time for trial preparation ... the ends of justice served by setting this case [for March 18] outweigh the best interest of the public and the defendant in a speedy trial." Order (Doc. No. 14) at 2.

These findings are sufficient to render the delay that resulted from setting the trial for March 18, 2013, rather than an earlier date, excludable in computing the time limit within which this trial should have commenced. As a result, there has been no violation of the Speedy Trial Act.

***

Accordingly, it is ORDERED that defendant James Timothy Turner's motions to dismiss indictment (Doc. Nos. 124 & 125) are denied.

DONE, this the 20th day of March 2013.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE