IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:12cr169-MHT |
| JAMES TIMOTHY TURNER | ) | (WO) |

OPINION AND ORDER

This criminal case is now before the court on defendant James Timothy Turner's motion to dismiss for lack of jurisdiction (Doc. No. 128). For the reasons that follow, this motion will be denied.

The court found it difficult to discern what legal arguments, if any, Turner puts forward in his motion. His lengthy and convoluted filing seems to be based, instead, on his own elaborate theories about law and the nature of our government.

Nevertheless, it is clear to the court that it has jurisdiction over this matter. United States district courts "have original jurisdiction ... of all offenses against the laws of the United States."  18 U.S.C.

§ 3231.  Turner is charged with violations of 18 U.S.C. § 152(2) (false testimony under oath in a bankruptcy proceeding); 18 U.S.C. § 371 (conspiracy to defraud the United States); 18 U.S.C. § 514(a)(2) (fictitious obligations); 26 U.S.C. § 7203 (failure to file a tax return); 26 U.S.C. § 7212(a) (attempting to interfere with the administration of internal revenue laws); and 18 U.S.C. § 2 (aiding and abetting).  The court finds that the indictment sufficiently alleges facts to support each charge.  As each of the charged violations is of United States law, this court indisputably has jurisdiction.

This court is also a proper venue for this case, as the crimes charged are alleged to have been committed within the Middle District of Alabama.  See U.S. Const. art. III, § 2, cl. 3 (providing that a criminal trial must be held "in the state where the said Crimes ... have been committed.); Fed. R. Crim. P. 18 (providing that, except as otherwise permitted, "the government must

prosecute an offense in a district where the offense was committed.").

***

Accordingly, it is ORDERED that defendant James Timothy Turner's motion challenging this court's jurisdiction (Doc. No. 128) is denied.

DONE, this the 20th day of March 2013.

                         /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE